31564. TYSON *v.* ROSS.

DECIDED MAY 22, 1947.

*Thomas E. McLemore,* for plaintiff in error.
*Alex P. Gaines,* contra.

GARDNER, J. ■ General grounds: The only general ground insisted upon is: "Because the verdict is contrary to the evidence and without evidence to support it." It will thus be noted that there is no dispute as to the principles of law involved. The only contention of the defendant is that the ·evidence did not authorized the verdict. The gist of this contention is on the ground that the evidence shows that the purchase of the automobile was made for use or consumption in the course of trade or business. But on the contrary the evidence demanded a finding on the part of the jury that the automobile was purchased for use in the course of trade or business. It is conceded by all that if the automobile in question was purchased for use or consumption in the course of trade or business that the plaintiff would have no right to maintain the action, but the right of action would rest exclusively, under the act, with the O. P. A. On this question the evidence briefly shows that the plaintiff was, at the time of the purchase of the car, in the service of the United States Navy and located at Green Cove Springs, Florida, about 25 miles distance from Jacksonville, Florida, the nearest large city. The plaintiff desired the best of transportation from his location to this large city. In addition to his duties as a service man, the plaintiff was employed as a bartender for a Chief's Club, the club being located about one mile from his home. This was in effect practically all the evidence on this question. It does not appear from the evidence that the plaintiff intended or did use the car for any purpose other than for his own pleasure and convenience. So far as the evidence shows, he had no trade or busi-

ness other than this extra job of bartender during off hours. It does not appear from the evidence that this job required the plaintiff to go to Jacksonville or any other place to buy supplies or for any other purpose except for his own personal desires. This evidence was brought into the case by cross-examination in an effort to determine how the plaintiff expected to make the deferred payments and he went into the business of his being a bartender at the Chief's Club in response to these questions in an effort to show that he received from this job as bartender $60 per month in addition to his regular salary from the Navy. Counsel for the defendant cite and rely on the case of *Crowley* v. *Hughes,* 74 *Ga. App.* 531 (40 S. E. 2d, 570). That case is not applicable here because in the instant case it is specifically alleged that the automobile was purchased for use and consumption other than in business or trade. In the case cited this court held that no such allegation was made and therefore no recovery could be had. In the instant case the allegation was specifically made in the petition and we think the evidence sustained the allegation. So far as we have been able to find, where one uses an automobile as transportation from his home to his place of business (provided we concede that the automobile in the instant case was so used, although the evidence discloses that the plaintiff made only one trip of a mile from his home to his place of business as a bartender at a Chief's Club), the courts have uniformly held that such expense is personal and not incurred in trade or business. See, in this connection, Hubbart *v.* Cunningham, 4 T. C. 121; O'Rear *v.* Commissioners, 28 B. T. A. 698. As to the question of the condition of the automobile under the warranty as being in good operating condition during the period and mileage specified, under normal use and service, the evidence is conflicting. The jury resolved this in favor of the plaintiff. The court did not err in overruling the motion for a new trial on the general grounds for any reason assigned.

■ Special ground 1 complains of the admission of testimony over objections of the defendant. Briefly, the jury were authorized to find that there was evidence that the alleged defects of the automobile which was purchased on January 29, 1946, became apparent on February 2, 1946, shortly after the plaintiff drove it from the defendant's place of business; and the defects con-

tinued to appear and develop from that date until the car was returned to the defendant and demand was made for a refund of the purchase-price by the plaintiff of the defendant. The demand was made within 30 days and before the automobile had been driven 1000 miles. Within the 30 days the plaintiff drove the automobile to the place of business of the defendant, after the defects had become apparent and developed. There he left the automobile until March 5, 1946, at which time the attorney for the plaintiff, acting for the plaintiff, did sell the automobile to a Mr. Hunter. Mr. Hunter employed a mechanic to work on the automobile a few days thereafter. This mechanic's testimony went into detail as to the defective condition of the automobile at the time he worked on it. The mechanic was offered as a witness by the plaintiff. He remembered the year, but he did not remember the month or the day of the month he did the work. Counsel for the defendant interposed an objection to this testimony on the ground that it was irrelevant, immaterial and prejudicial for the reason that the date and the month of the year the mechanic employed by Hunter worked on the automobile was too remote and indefinite to reflect the condition of the automobile on the date it was sold. The court overruled this objection and stated in effect that it was a jury question under the evidence as to whether the automobile had been accounted for from the time the plaintiff purchased it until the time the mechanic worked on it. The evidence for the plaintiff tended to account for the automobile until March 5, 1946, at which time he sold it to Hunter. The evidence for the plaintiff further shows that the mechanic worked on the automobile immediately or at least within a very few days after Hunter purchased it. We think it was a jury question as to whether the work which the mechanic did reflected the condition of the automobile at the time it was purchased by the plaintiff from the defendant. The court did not err in admitting this testimony for the consideration of the jury.

■ Special ground 2 assigns error upon the following charge of the court: "Gentlemen, the maximum warranted ceiling price of the automobile in question was $1445. The maximum ceiling price of the automobile without warranty was $1156; there being a difference of $289. If you find, as a matter of fact, that the automobile was not, at the time it was sold, in good operat-

ing condition, that would be a breach of the warranty, and the plaintiff would be entitled to recover a verdict at your hands, in an amount not to exceed three times the sum of $289." Error is assigned upon this charge (a) there was no evidence to support it; (b) it was confusing to the jury; (c) it misled the jury; (d) that it was erroneous for the reason that no evidence was introduced by the *plaintiff* to indicate that there was bad faith on the part of the defendant. Under the entire charge there is no merit in the assignments under (a), (b), and (c). It appears from the record that assignment (d) is inapplicable to the excerpt from the charge to which exception is made. It is evident from the record that exception (d) is directed to that portion of the charge of the court which, in effect instructed the jury under what circumstances the plaintiff could not recover three times the amount of the overcharge. That portion of the act provides that should the seller prove that the violation of the regulation in question was not wilful nor the result of the failure to take practical precautions against the occurrence of the violation, then in such event the purchaser is entitled to recover only the amount of the overcharge. The court charged this principle of law immediately after charging the excerpt from the charge which is the basis of this special assignment. The evidence in the case, though circumstantial, is sufficient to authorize this charge. Under the whole evidence it became a jury question. The jury resolved it against the seller. The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*